## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

ISRAEL MOSES JONES        ,            )
                                       )
v.                                     )
                                       )        CV419-339
BOBBY BOBBIT, Warden,                  )
                                       )
          Defendant.                   )

### REPORT AND RECOMMENDATION

Convicted after a jury trial of burglary, armed robbery, and impersonating a police officer, Israel Moses Jones has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging various defects in his state criminal case. Doc. 1. He also seeks leave to file his § 2254 petition *in forma pauperis* (IFP). Doc. 2. For the following reasons, his petition should be **DISMISSED** as untimely. Accordingly, his motion for leave to proceed *in forma pauperis* should be **DISMISSED AS MOOT**.

Jones was jury convicted on February 2, 2011 and sentenced to 45 years incarceration. Doc. 1 at 1. Jones filed an appeal to the Georgia Court of Appeals which affirmed his conviction on March 22, 2013. *Id*. at 2. He filed a habeas petition in Johnson County, Georgia which was denied on October 26, 2018. *Id*. at 3. He filed a writ for certiorari in the

Georgia Supreme Court which he admits was pending at the time he filed this lawsuit. *Id.* at 3.

Before seeking § 2254 relief, petitioners must "fairly present" their claims to state courts to give them a "full and fair opportunity to resolve federal constitutional claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); 28 U.S.C. § 2254(b)(1)(A)(habeas petitioners must "exhaust[] the remedies available in the courts of the State" before seeking federal relief); *see also Reedman v. Thomas*, 305 F. App'x 544, 546 (11th Cir. 2008) ("Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion."). Jones, by his own admission (at least in this case), has yet to do that yet. He must fully exhaust his "right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). That includes awaiting the Georgia Supreme Court's final decision on his appeal, even if that process takes longer than he prefers. This Court cannot step in and "excuse" Jones' failure to exhaust simply because he is impatient. *See Horowitz v. Wainright*, 709 F.2d 1403, 1404 (11th Cir. 1983) (allowing simultaneous federal and state

habeas proceedings offends the principles of comity that underlie the exhaustion requirement).

Because it "plainly appears from the petition . . . that the petitioner is not entitled to relief" at this time, the Court "must dismiss the petition and direct the clerk to notify the petitioner." Rule 4, Rules Governing Section 2254 Cases. Accordingly, this petition should be **DISMISSED** without prejudice for lack of exhaustion.[1]

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1–2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule

---

[1] Excessive delay can excuse the exhaustion requirement. *See Hollis v. Davis*, 941 F.2d 1471, 1475 (11th Cir. 1991) (exhaustion can be waived as futile where the state court has delayed relief without explanation or reason). But less than a two-year delay for a ruling on the merits, without more, does not bring Jones under the futility exception to § 2254. *See, e.g., Hughes v. Stafford*, 780 F.2d 1580, 1582 (11th Cir. 1986) (even an eight year delay is not enough). The Court should not intervene in the proceedings yet pending before the Georgia Supreme Court. *Jackson v. Walker*, 206 F. App'x 967, 968-69 (11th Cir. 2006) ("Even in cases where the claims of defects in the state correction system presented by a prisoner may 'rise to a constitutional level involving the denial of due process,' our precedent has expressed a desire that such claims be first presented in a state forum." *Reynolds v. Wainwright,* 460 F.2d 1026, 1027 (5th Cir. 1972)). Moreover, a stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Finally, it appears that plaintiff has filed a second habeas case in this Court which reflects that state proceedings have been exhausted, *see* Case No. CV420-191. Because this second case appears ripe, the Court will allow it to proceed while dismissing the instant unexhausted petition.

11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*,

648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED**, this 20th day of August, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA